PATRICIA BARBOSA (SBN 125865)
**BARBOSA GROUP**
16531 Bolsa Chica St., Ste. 205
Huntington Beach, CA 92649
Tel: (714) 465-9486
PBarbosa@barbosagrp.com

Attorney for Plaintiffs, HOLLYN D'LIL and RICHARD SKAFF

(Appearances continued on next page)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLYN D'LIL and RICHARD SKAFF,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF PETALUMA and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No.: 3:11-cv-02088-JCS<br><br>Civil Rights<br>Honorable Magistrate Judge Joseph C. Spero, Judge presiding<br><br>**SETTLEMENT AGREEMENT AND [PROPOSED] ORDER FOR SETTLEMENT OF PLAINTIFFS' CLAIMS FOR INJUNCTIVE RELIEF UNDER TITLE II OF THE ADA**<br><br>[Concurrently filed with the [Proposed] Order on Settlement Agreement for Settlement of Plaintiffs' Claims for Injunctive Relief Under Title II of the ADA] |

---

*D'LIL V. CITY OF PETALUMA*: Case No.: 3:11-CV-02088-JCS
SETTLEMENT AGREEMENT and PROPOSED ORDER for INJUNCTIVE RELIEF                                              1

ERIC S. CASHER, Esq. (SBN: 248875)
ecasher@meyersnave.com
**MEYERS, NAVE, RIBACK, SILVER & WILSON**
555 12th Street, Suite 1500
Oakland, CA 94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendant
CITY OF PETALUMA

### I. SUMMARY OF PLAINTIFFS' ALLEGATIONS

Plaintiffs HOLLYN D'LIL and RICHARD SKAFF ("Plaintiffs"), qualified persons with disabilities and wheelchair users, filed their Complaint and First Amended Complaint (hereinafter, "Complaint") against the CITY OF PETALUMA ("Defendant"), (collectively the "Parties"), to enforce provisions of Title II of the Americans with Disabilities Act of 1990 ("ADA") and California Civil Rights laws and regulations. (42 U.S.C. § 12101 *et seq.*, Section 504 of the Rehabilitation Act of 1973, California Government Code §§ 4450 *et seq.* and 11135, and California Civil Code §§ 51, 54 and 54.1.), with respect to the use of public curbs, sidewalks, parking, and pedestrian paths of travel within the Downtown portion of Petaluma.

### II. DEFENDANT'S DENIAL AND NO ADMISSION OF LIABILITY

Defendant denies all of Plaintiffs' allegations, and by entering into this Settlement Agreement (hereinafter, "Agreement"), does not make any admission of liability. The Parties have agreed to enter into this Agreement and concurrently filed [Proposed] Order to settle all of Plaintiffs' claims for injunctive relief as alleged in their Complaint. The Parties agree to settle all of Plaintiffs' claims for injunctive relief under their Complaint accordingly, the Parties agree to the entry of the concurrently filed [Proposed] Order for Settlement of Plaintiffs' Claims, without trial or adjudication of any issues of fact or law concerning all of Plaintiffs' claims for injunctive relief.

### III. JURISDICTION AND VENUE

The Parties hereby stipulate and agree that this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 for alleged violations of Section 504 of the Rehabilitation Act

*D'LIL V. CITY OF PETALUMA*: Case No.: 3:11-CV-02088-JCS
SETTLEMENT AGREEMENT and PROPOSED ORDER for INJUNCTIVE RELIEF                    2

of 1973 and of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et. seq.* Pursuant to supplemental jurisdiction, attendant and related causes of action, arising from the same facts also brought under California law, including, but not limited to, violations of California Government Code §§ 4450 *et seq.*; California Code of Regulations, Title 24; and California Civil Code §§ 51, 54, and 54.1. Under the doctrine of supplemental jurisdiction, this Court has jurisdiction over Plaintiffs' claims arising under California state law.

Venue is proper in the Northern District of California, the judicial district in which the claims have arisen, pursuant to 28 U.S.C. § 1391(b).

WHEREFORE, the Parties, in exchange for a mutual release and waiver of each and every one of Plaintiffs' claims under their Complaint, and any claims against Plaintiffs by the City of Petaluma in connection with this Complaint, hereby agree and stipulate to the Court's entry of this Settlement Agreement and concurrently filed [Proposed] Order for Settlement of Plaintiffs' Claims, which provides as follows:

### IV. SETTLEMENT AND RELEASE OF PLAINTIFFS' CLAIMS FOR INJUNCTIVE RELIEF

This Settlement Agreement and concurrently filed [Proposed] Order shall be a full, complete and final disposition and settlement of all of Plaintiffs' claims for injunctive relief as set forth in Plaintiffs' Complaint filed in this matter. The Court shall retain jurisdiction of this action to enforce provisions of the Agreement and concurrently filed [Proposed] Order for ten (10) fiscal years from the City fiscal year 2015 (July 1 2015) in which the Settlement Agreement is executed, or ninety (90) days (or such longer time as the Parties may agree) following the Defendant's service of its final annual report, giving Plaintiffs' notice that it has completed all accessibility improvements agreed upon pursuant to this Agreement, by Defendant to Plaintiffs' counsel that all of the terms of this Agreement have been completed, whichever is latest.

### V. INJUNCTIVE RELIEF

Defendant agrees and stipulates to provide the injunctive relief set forth in

**Attachments A and B,** which provide the terms and conditions for settlement of all of Plaintiffs' claims for injunctive relief and modification of policies as requested in Plaintiff's Complaint. Said **Attachments A and B** are hereby incorporated by reference as if fully set forth herein as the full and complete agreement between the Parties for settlement of all of Plaintiffs' claims for injunctive relief as requested in Plaintiffs' Complaint.

## TIMING OF THE CORRECTIVE WORK

The Parties have agreed that the work pursuant to the Settlement Agreement between the Parties will be done in stages over a ten (10) fiscal year period as described in **Attachments A and B**. Defendant will undertake the corrective work according to priorities agreed upon by the Parties for the use of public accommodations in the downtown area of Petaluma. All of the agreed upon work set forth in Attachment **A** will be completed within ten (10) fiscal years commencing the City fiscal year 2015-2016 in which the Settlement Agreement is executed.

## ANNUAL REPORT OF ACCESSIBILITY IMPROVEMENTS

The accessibility improvements agreed upon under this Agreement will be done in stages over a ten (10) fiscal-year period commencing the City fiscal year 2015-2016 (July 1 through June 30) in which the Settlement Agreement is executed.

Defendant will prepare and provide annually to Plaintiffs' counsel, Patricia Barbosa, and to Plaintiffs Hollyn D'Lil and Richard Skaff, a copy of its annual report of improvements completed pursuant to this Agreement in the prior fiscal year. Each such annual report will be due within 45 days of the close of the fiscal year to which it applies, the final annual report will be due September 30, 2026. Plaintiffs may by written notice to Defendants change the person(s) designated to receive annual notice by providing Defendant with contact information for the new recipient(s) Annual reports may be provided to Plaintiffs' counsel and to Plaintiffs (or Plaintiff's successor recipients) electronically, so long as the reports otherwise meet all applicable requirements of this Agreement.

Plaintiff's counsel will provide Defendant's counsel a written response to the annual reports

under this Agreement within 45 days of receipt of the annual report. Plaintiffs will have an opportunity to inspect the improvements, and if deemed non-complying Plaintiffs may seek dispute resolution and/or file a motion to enforce this Agreement following the procedures described in this Agreement.

If Plaintiffs do not raise any disputes regarding the accessibility improvements completed in the preceding year by giving Defendant notice of the alleged breach, then the Parties agree that the accessibility improvements described in the annual report will be considered to be in full compliance with the terms of this Agreement.

### RESOLUTION OF DISPUTES REGARDING COMPLIANCE

In the event that the Parties have a dispute regarding compliance with any of the terms or conditions of this Agreement, Plaintiffs' and/or their Counsel will inform the City's Counsel of the alleged breach within 45 days of receipt of the annual report described in paragraph VIII. The Parties will allow for thirty (30) days or such longer time as both parties may agree to in writing to conduct good-faith negotiations to resolve any disputes prior to any Party seeking Court enforcement or modification of this Agreement. Any Party may file a motion to compel enforcement or modify the Agreement in the event that the Parties are unable to resolve their dispute, but not before the Parties negotiate a settlement in good faith, and not before thirty (30) days after notice of the alleged breach or dispute.

VI. **SETTLEMENT AND RELEASE OF PLAINTIFFS' CLAIMS FOR STATUTORY, COMPENSATORY AND GENERAL DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES AND COSTS**

The Parties have also reached an agreement on all of Plaintiffs' monetary claims as set forth in the Complaint. Defendant City of Petaluma hereby agrees to pay Plaintiffs RICHARD SKAFF and HOLLYN D'LIL the total sum of 395,000.00 dollars in complete settlement for all of Plaintiffs' claims for statutory, compensatory and personal injury damages as set forth in the Complaint, as well as all claims for attorneys' fees, litigation expenses and costs associated with these claims.

The City of Petaluma hereby agrees to make payment by check to "Barbosa Group Client Trust Account (D'Lil and Skaff)" to be delivered to the office of Barbosa Group within seven (7) days after the approval by the Court of the Settlement Agreement filed in this case. Plaintiffs' counsel have provide Defendant with a W-9 form for the purposes of accounting for the payment. No further payment shall be requested or required of the City of Petaluma by Plaintiffs and/or their counsel for filing of this Settlement Agreement with the Court. In the event that Plaintiffs are required to file a motion to enforce the terms of this Agreement, prevailing party may seek reasonable fees and costs for that action under applicable ADA law.

## VII. ENTIRE SETTLEMENT AGREEMENT AND CONCURRENTLY FILED [PROPOSED] ORDER

This Agreement and the **Attachments A and B, and any exhibits attached thereto,** constitute the entire agreement between the Parties resolving all of Plaintiffs' claims for injunctive relief as stated in their Complaint. No other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties, that is not contained in this written Agreement, and **Attachments A and B**, shall be enforceable regarding the matters raised herein. This Agreement and the concurrently filed [Proposed] Order are public documents.

## VIII. SETTLEMENT AGREEMENT AND [PROPOSED] ORDER BINDING ON PARTIES AND SUCCESSORS

This Agreement and concurrently filed [Proposed] Order shall be binding on Plaintiffs HOLLYN D'LIL and RICHARD SKAFF and Defendant CITY OF PETALUMA in this action and any successor in interest to Plaintiffs and Defendant. Each Party has a duty to so notify each such successor in interest of the existence and terms of this Agreement and concurrently filed [Proposed] Order during the period of the Court's jurisdiction of this Settlement agreement and concurrently filed [Proposed] Order.

///

///

### IX. MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO ALL OF PLAINTIFFS' CLAIMS FOR INJUNCTIVE RELIEF

Each of the Parties to this Agreement understands and agrees that there is a risk and possibility that, subsequent to the execution of this Settlement agreement, any or all of them will incur, suffer, or experience some further loss or damage with respect to this lawsuit which are unknown or unanticipated at the time the Agreement is signed and the concurrently filed [Proposed] Order is entered. Except for all obligations required in this Agreement and concurrently filed [Proposed] Order, the Parties intend that this Agreement and concurrently filed [Proposed] Order apply to all conditions that existed at the subject streets, parking, sidewalks, curbs, and related public facilities, as well as all practices of the Defendant as alleged in the Complaint up to the date of entry of this Agreement and concurrently filed [Proposed] Order by the Court. Therefore, except for all such obligations required in this Agreement and concurrently filed [Proposed] Order, this mutual release and waiver of claims shall apply to and cover all claims, demands, actions, and causes of action (including the cause of action brought under California Civil Code §§ 51 and 54 *et seq.*, for alleged violation of California Government Code §§ 4450 *et seq.*) by the Parties with respect to the claims and relief sought in this lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of section 1542 of the California Civil Code are hereby expressly waived. Section 1542 of the California Civil Code provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

///

///

# X. TERMS OF THE SETTLEMENT AGREEMENT AND CONCURRENTLY FILED [PROPOSED] ORDER

A fully executed Agreement and a concurrently filed [Proposed] Order shall be in full force and effect once approved by the Court. In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rules of Civil Procedure, Rule 73, the Parties voluntarily consent to have the Court conduct any and all further proceedings in this case pursuant to the terms set forth, regarding any questions of fact or law arising from the enforcement of any provisions of the concurrently filed [Proposed] Order, including, but not limited to, breach of terms, or request for modification of this Agreement. The Parties agree that the Court will retain jurisdiction to enforce the provisions of this Agreement and concurrently filed [Proposed] Order in accordance with terms of this Agreement. The work contemplated under this Agreement and concurrently filed [Proposed] Order is to be completed under the terms and conditions of this Agreement. Following the Defendant's service of its final annual report, giving Plaintiffs notice that it has completed all accessibility improvements agreed upon pursuant to this Agreement, the Parties stipulate and agree that the Court will retain jurisdiction for an additional ninety (90) days (or such longer time as the Parties may agree) to allow the Parties to negotiate any disputes and/or to seek enforcement or modification of this Agreement and concurrently filed [Proposed] Order. The Parties agree that the improvements agreed upon as injunctive relief as set forth in **Attachments A and B** are meant to be permanent, in the sense that the Parties agree that such improvements will remain while the facilities of which they are a part remain unless and until such facilities and/or improvements are modified consistent with then-applicable accessibility requirements.

## XI. SEVERABILITY

If any terms of this Agreement and concurrently filed [Proposed] Order are determined by any court to be unenforceable, the remaining terms of this Agreement and concurrently filed [Proposed] Order shall nonetheless remain in full force and effect.

## XII. COUNTERPARTS

This Agreement may be signed in counterparts by the Parties and shall be valid and binding on each Party as if fully executed all on one copy.

## XIII. SIGNATORIES BIND PARTIES

Each signatory on behalf of each party represents that he or she is authorized to bind each such party to this Settlement agreement and concurrently filed [Proposed] Order.

Dated: _____, 2015          _____

                                            Plaintiff, HOLLYN D'LIL

Dated: _____, 2015          _____

                                            Plaintiff, RICHARD SKAFF

Dated: 7/23, 2015          _____[signature]_____

Name: JOHN BROWN
Title: CITY MANAGER
Defendant, CITY OF PETALUMA

///

///
///
///
///
///
///

*D'LIL V. CITY OF PETALUMA*: Case No.: 3:11-CV-02088-JCS
SETTLEMENT AGREEMENT and PROPOSED ORDER for INJUNCTIVE RELIEF      9

## XII. COUNTERPARTS

This Agreement may be signed in counterparts by the Parties and shall be valid and binding on each Party as if fully executed all on one copy.

## XIII. SIGNATORIES BIND PARTIES

Each signatory on behalf of each party represents that he or she is authorized to bind each such party to this Settlement agreement and concurrently filed [Proposed] Order.

Dated: _____, 2015    _____

Plaintiff, HOLLYN D'LIL

Dated: 7/24, 2015    _____/s/ Richard Skaff_____

Plaintiff, RICHARD SKAFF

Dated: _____, 2015    _____

Name: JOHN BROWN
Title: CITY MANAGER
Defendant, CITY OF PETALUMA

///
///
///
///
///
///
///

## XII. COUNTERPARTS

This Agreement may be signed in counterparts by the Parties and shall be valid and binding on each Party as if fully executed all on one copy.

## XIII. SIGNATORIES BIND PARTIES

Each signatory on behalf of each party represents that he or she is authorized to bind each such party to this Settlement agreement and concurrently filed [Proposed] Order.

Dated: July 23, 2015

_____
Plaintiff, HOLLYN D'LIL

Dated: _____, 2015

_____
Plaintiff, RICHARD SKAFF

Dated: _____, 2015

_____
Name: JOHN BROWN
Title: CITY MANAGER
Defendant, CITY OF PETALUMA

///

///
///
///
///
///
///

APPROVED AS TO FORM:

Dated: 7/87, 2015          BARBOSA GROUP

                           By: /s/ PBarbosa
                           _____
                           PATRICIA BARBOSA
                           Attorneys for Plaintiffs, HOLLYN D'LIL and
                           RICHARD SKAFF

Dated: _____, 2015    **MEYERS, NAVE, RIBACK, SILVER & WILSON**

                           By: _____
                           ERIC S. CASHER
                           Attorneys for Defendant, CITY OF PETALUMA

*D'LIL V. CITY OF PETALUMA*: Case No.: 3:11-CV-02088-JCS
SETTLEMENT AGREEMENT and PROPOSED ORDER for INJUNCTIVE RELIEF          10

APPROVED AS TO FORM:

Dated: _____, 2015        **BARBOSA GROUP**


By: _____
PATRICIA BARBOSA
Attorneys for Plaintiffs, HOLLYN D'LIL and
RICHARD SKAFF


Dated: *July 23*, 2015        **MEYERS, NAVE, RIBACK, SILVER & WILSON**


By: _____
ERIC S. CASHER
Attorneys for Defendant, CITY OF PETALUMA

---

*D'LIL V. CITY OF PETALUMA*: Case No.: 3:11-CV-02088-JCS
SETTLEMENT AGREEMENT and PROPOSED ORDER for INJUNCTIVE RELIEF        10